UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HOUSTON,

    Plaintiff,

v.                                                           Case No: 8:13-cv-1799-T-30TBM

JOG MAYA ENTERPRISE LLC,

    Defendant.

## FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court on the Plaintiff's Motion for Entry of Default Judgment and Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Dkt. #7), and the Court having considered the Motion, having reviewed the pleadings, papers and supporting declaration filed herein, being otherwise duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1.    Plaintiff's Motion for Entry of Default Judgment and Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Dkt. #7) is GRANTED.

2.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, for Plaintiff's claims arising under 28 U.S.C. §§12181, *et seq.*, based upon Defendant's violation of Title III of 42 U.S.C. §§ 12182, *et seq.*

3. Defendant is the owner and operator of the real property and improvements which are the subject of this action (hereinafter, the "Facility").

4. Defendant has discriminated against the Plaintiff, who is an individual with a disability, by denying full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the subject Facility as provided by 42 U.S.C. §§12182, *et seq.*, and by failing to remove architectural barriers and thereby providing Plaintiff appropriate access to the subject Facility, as required by 42 U.S.C. §12182(b)(2)(A)(iv). Specifically, the Court finds as follows:

   a. The Facility fails to adhere to a policy and procedure to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. Part 36.302.

   b. The Facility fails to properly maintain accessible features and equipment required to be readily accessible to and usable by persons with disabilities in violation of 28 C.F.R. Part 36.211.

   c. The Facility fails to provide all accessible parking spaces on a level surface, in violation of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") (2010) section 502.4, ADAAG (2004) 4.6.3. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide all accessible parking spaces on a level surface pursuant to ADAAG (2010) section 502.4.

   d. The Facility fails to provide all required features in its parking spaces in violation of ADAAG (2010) sections 208.2.4 and 502.6. In order to comply with the

ADA and remove the aforementioned barriers to access, Defendant must provide the required features pursuant to ADAAG (2010) sections 208.2.4 and 502.6.

e. The Facility fails to provide an accessible route free from impediments in violation of ADAAG (2010) section 302.2. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide an accessible route free from impediments pursuant to ADAAG (2010) section 302.2.

f. The ramps provided by the Facility do not meet all the requirements of the ADAAG (2010) section 405.7. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must meet all the requirements of the ADAAG (2010) section 405.7.

g. An accessible route that complies with the ADAAG (2010) section 403.5.1 is not provided throughout the Facility. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide an accessible route that complies with the ADAAG (2010) section 403.5.1.

h. The Facility fails to provide required grab bars in all restrooms in violation of ADAAG (2010) sections 604.5.1 and 604.5.2. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide the required grab bars in all restrooms pursuant to ADAAG (2010) sections 604.5.1 and 604.5.2.

i. The Facility fails to provide protective features in all the restrooms, violating ADAAG (2010) section 606.5. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide protective features in all the restrooms, required by ADAAG (2010) section 606.5.

j. There is insufficient access to all essential parts of the restroom, required by ADAAG (2010) section 604.6. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide access to all essential parts of the restroom, required by ADAAG (2010) section 604.6.

k. The restroom door has improper hardware for disabled persons, in violation of ADAAG (2010) section 309.4. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide proper hardware for disabled persons required by ADAAG (2010) section 309.4.

l. Some areas of the Facility do not provide the required latch side clearance, in violation of ADAAG (2010) section 404.2.4.1. In order to comply with the ADA and remove the aforementioned barriers to access, Defendant must provide the required latch side clearance pursuant to ADAAG (2010) section 404.2.4.1.

5. Defendant shall have three (3) months from the date of this Order to complete the alterations and modifications to the Facility as set forth above. Upon completion, Defendant shall file a verified certificate of completion with the Court acknowledging that all work has been completed.

The time period for completion by Defendant shall be subject to acts of God, *force majeure*, or events beyond the control of Defendant such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the barrier removal, alterations and modifications will be extended by the number of days reasonably attributable to the event causing the delay as

long as Defendant immediately files a motion with the Court for an extension of time before the expiration of the deadline to comply.  The Defendant must provide written notice to Plaintiff, which includes the specific reasons for the delay and the estimated time for completion. Defendant must also make a good faith effort to effect implementation as soon as reasonably possible thereafter.

6. The Court finds that Plaintiff is the prevailing party, and that Plaintiff is therefore entitled to recover his reasonable attorneys' and expert's fees, litigation expenses and costs from the Defendant.  *See* 42 U.S.C. § 12205 (2006) ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs ..."); *Lovell v. Chandler*, 303 F.3d 1039, 1058–1059 (9th Cir. 2002) (holding that the term "litigation costs," as used in section 12205, includes expert witness fees), *cert. denied,* 537 U.S. 1105, 123 S.Ct. 871, 154 L.Ed.2d 775 (2003). [1]

a. Reasonable Attorney's Fees

A fee award calculation under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299–1302 (11th Cir. 1988). The court first calculates the "lodestar" amount by taking the number of hours reasonably

---

[1] Courts in this Circuit have also awarded a re-inspection fee as expert costs. *See e.g. Access for America, Inc. v. Oakwood Center, L.C.*, No. 8:02–cv–464–T–30MSS (M.D. Fla. Jul. 22, 2003)(granting $250.00 re-inspection fee); *Fox v. The Marquis Corp.*, 08-81264-CIV, 2010 WL 1010871 (S.D. Fla. 2010) (*citing Lovell*, 303 F.3d at 1058-59) (awarding $350 re-inspection fee); *Fox v. Cohen Ventures, LLC*, 08-81052-CIV-HURLEY, 2009 WL 1393348 (S.D. Fla. 2009) (awarding $350 inspection fee).

expended on the litigation and multiplying it by a reasonable hourly rate. *Id*. The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *Id.*

The Eleventh Circuit has recognized, however, that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[ ] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985); *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999). Therefore, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433.

Plaintiff seeks an award of attorney's fees for the services provided by attorneys Thomas B. Bacon and Philip Michael Cullen, III in connection with this case. In support of the request for attorney's fees, Plaintiff filed Cullen's declaration under penalty of perjury and a copy of the hours billed for the case. However "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work .... [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299. The Court may, however, use its discretion and

6

expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

According to Plaintiff's records, the attorneys worked 9.4 hours at a rate of $420.00 per hour for a total of $3,948.00. Mr. Bacon has been practicing law since 1989 and Mr. Cullen since 1973. They both practice civil rights litigation and have litigated many ADA cases. In support of Cullen's assertion that $420.00 is a reasonable hourly rate for their work, he cites several cases awarding fees ranging from $350.00 per hour to $825.00 per hour in various jurisdictions. But he does not submit any affidavit or declaration from an independent attorney regarding a Tampa market rate. Plaintiff also seeks payment of paralegal fees for one hour of work at $115.00 per hour.

The Court finds that $350.00 is a reasonable fee based on Mr. Bacon's and Mr. Cullen's experience and the current market rate in Tampa. The Court finds that the requested 9.4 hours were reasonably spent in attaining the result for the Plaintiff. The Court also finds the rate of $115.00 per hour for paralegal services to be reasonable, and the requested one hour was reasonably spent in attaining the result for the Plaintiff. Accordingly, the Court finds that Plaintiff is entitled to $3,405.00 in attorney's fees (9.4 hours at $350.00 hourly plus $115.00).

    b. Expert's Fees

Plaintiff seeks compensation for the services of The Compliance Group as an expert retained to evaluate the Facility and improvements that are subject to the instant litigation. The Court believes the expert fee of $250.00 per hour is excessive. Accordingly, the Court reduces the rate to $150.00 per hour. The Court finds that 10

hours were reasonably spent in assessing the ADA violations. Accordingly, the Court finds that Plaintiff is entitled to $1,500.00 in expert's fees (10 hours at $150.00 hourly).

     c. Costs

Plaintiff seeks $535.25 in litigation expenses and costs. Specifically, Plaintiff submitted its attorneys' records showing costs for the filing fee ($400.00), process server's fees ($80.00), Accurint database searches ($25), postage ($3.50), copies for client ($6.50) and copies ($20.25). Title 28 U.S.C. § 1920 allows the taxing of certain costs incurred in an action, including clerk fees, court reporter fees (if necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters. However, charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable. The filing fee and process server's fees are allowable under § 1920. The cost for postage and copies fees in this case is not recoverable. Accordingly, the Court finds that Plaintiff is entitled to $480.00 in litigation expenses and costs.

     d. Re-inspection Fee

Plaintiff seeks a re-inspection fee of $1,000.00 to allow its expert to inspect the Facility after the Defendant completes repairs of the existing barriers to access. The fee appears to be based on 4 hours of work at $250.00 per hour. The Plaintiff did not provide any factual basis for the Court to determine a reasonable fee for the re-inspection or determine whether four hours are required to conduct the re-inspection.  Therefore the Court denies the Plaintiff's request for a re-inspection fee.

7. The Court hereby awards attorney's fee in the amount of $3,405.00, costs in the amount of $480.00, and expert fees in the amount of $1,500.00 for a total award of $5,385.00.

8. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $5,385.00.

9. The Clerk is directed to close the file and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, on November 26, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record